1    **WO**

6         **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

9    Glenn Wakefield,                     No. CV-19-03273-PHX-DJH

10                    Plaintiff,          **ORDER**

11   v.

12   State of Arizona, et al.,

13                    Defendant.

15        This matter is before the Court on a Referral Notice from the United States Court of

16   Appeals for the Ninth Circuit. (Doc. 11). The Circuit asks this Court to determine whether

17   in forma pauperis ("IFP") status should continue for the appeal or whether the appeal is

18   frivolous or taken in bad faith.

19        This Court initially granted IFP status based on the information contained in

20   Plaintiff's IPF Application. (Doc. 2). The Court dismissed Plaintiff's initial one-page

21   Complaint for failure to state a claim upon which relief could be granted, allowing him

22   leave to amend. (Doc. 6). Plaintiff was warned that his case would be dismissed if he

23   failed to file a complying amended complaint. Plaintiff subsequently filed a one-page First

24   Amended Complaint, which the Court again found did not state a claim upon which relief

25   could be granted. (Docs. 7 and 8). The Clerk of Court terminated the matter.

26        28 U.S.C. § 1915 mandates that "[a]n appeal may not be taken in forma pauperis if

27   the trial court certifies in writing that it is not taken in good faith."  28 U.S.C.A. §

1  1915(a)(3)[1].  The Court finds that based on its ruling that Plaintiff's Complaint and First

2  Amended Complaint failed to state a claim upon which relief could be granted, that the

3  appeal is frivolous.  Therefore, the Court will revoke its previous IFP status determination.

4        Accordingly,

5        **IT IS HEREBY ORDERED** that Plaintiff's IFP status is **revoked.**

6        **Dated this 9th day of August, 2019.**

7

8

9        _____
         Honorable Diane J. Humetewa

10       United States District Judge

11

12  CC:    Ninth Circuit Court of Appeals (No. 19-16507); Molly C. Dwyer, Clerk, U.S. Court

13       of Appeals for the Ninth Circuit.

14

15

16

17

18

19

20

21

22

23

24  [1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*,
    §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners."

25  *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012)

26  (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies
    to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir.

27  2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.")

28  (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

- 2 -